United States District Court
Southern District of Texas
**ENTERED**
February 11, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARQUIS VALANTEE TATE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-00400 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

### ORDER OF DISMISSAL

Petitioner Marquis Valente Tate is an inmate in the custody of the Texas Department of Criminal Justice. He was convicted by a jury in the 338th District Court of Harris County, Texas of seven counts of aggravated sexual assault and sentenced to life imprisonment. Tate has now filed a writ of habeas corpus challenging these convictions.

Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 requires a judge to "promptly examine" a newly filed petition. The rule states, in part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

This is at least the twelfth federal habeas corpus petition Tate has filed challenging these convictions. *See Tate v. Lumpkin*, No. 4:22-cv-00055 (S.D. Tex. Jan. 11, 2022) (dismissing petition as successive and citing 11 previous cases challenging the same convictions). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664

(1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

This court is without jurisdiction to consider a successive petition. *See Key*, 205 F.3d at 774 ("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one."). The AEDPA vests authority in the Fifth Circuit to authorize the filing of a successive habeas application, but Tate does not contend that he has received permission from the Fifth Circuit to file a successive petition. Because this court lacks subject matter jurisdiction, Tate's petition must be dismissed. It is ORDERED that the petition (Doc. # 1) is DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION.

It is so ORDERED.

SIGNED on February 11, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge